## Hunt v. Hunt

*Stewart P. McConnell,* for libellant.

McCREARY, J., July 31, 1945.—In the above-entitled case a libel was filed by John H. Hunt asking for an absolute divorce from his wife Leona Hunt on the ground of desertion. All the procedural matters in the case are properly taken care of, with the exception of

the mailing of a marked copy of the notice of the master's hearing to the last known address of respondent, who, according to the libel, is a citizen of the United States "and now resides in the State of Tennessee, her last known address being 910 Lamount Street, Kingsport, Tennessee". The master very properly sent a marked copy of the notice of the time and place of the master's hearing to the address shown in the libel, but it must be borne in mind that the libel was filed November 3, 1944, and the master's hearing was held July 6, 1945.

At page 16 of the transcript of testimony the following testimony appears as the result of questions directed by the master to Herbert Hunt, the 16-year-old son of libellant:

"By THE MASTER:

Q. Just a minute. When did you see your mother last?

A. I saw her just a little while before I come up.

Q. When was that?

A. I don't know just right.

Q. Has it been a year ago?

A. No, it hasn't—about a month or two.

Q. About a month or two?

A. Yes, sir.

Q. Do you know where your mother is now?

A. Yes.

Q. Where.

A. Fries, Virginia.

Q. Do you hear from her?

A. Yes, I got a letter from her the other day.

Q. Why did you come back up to live with your father?

A. I was too young down there, couldn't get work; come back up here with him."

Thus, at the time of the hearing and for some time prior thereto, the exact time not being disclosed by the

testimony, it appears that the son of libellant, who had been living with his father for some time, knew that the last known address of respondent was not 910 Lamount Street, Kingsport, Tenn., but that it was Fries, Va. It further appears that the son has in his possession a letter from his mother, and no doubt this letter discloses a more accurate address, possibly containing the street and number at which the mother is residing.

We are therefore of the opinion that the master should have adjourned the hearing to a future day, and that he should have given actual notice by registered mail to respondent at the address divulged by the son of libellant. Otherwise, the court has no jurisdiction and any decree based on the procedure followed by the master would be a nullity.

We do not believe, however, that it is necessary for the master to do more than fix a new date for a hearing, giving notice thereof to all the parties in interest, including their counsel, sending a marked copy of the proofs of publication to respondent at her place of residence in Fries, Va., attached to which must be a notice showing the time and place of the new hearing.

In the event that respondent fails to appear at the rehearing for the purpose of contesting the divorce or contradicting the testimony of libellant and his witnesses, she will have no complaint of having been denied her day in court.

If she fails to appear the court will accept the testimony of libellant and his witnesses as being uncontradicted, and will receive it as though taken on deposition with the same force and effect as if it had been taken on the new date set for hearing.

We, therefore, make the following

### Order

Now, to wit, July 31, 1945, the record is referred back to the master for further action not inconsistent with the foregoing opinion.